J-S33042-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL W. BRAMWELL | |
| Appellant | No. 2687 EDA 2014 |

Appeal from the Judgment of Sentence August 18, 2014
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0001302-2013

BEFORE:  FORD ELLIOTT, P.J.E., DONOHUE, J., and LAZARUS, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED JUNE 16, 2015**

Michael W. Bramwell appeals from the judgment of sentence imposed in the Court of Common Pleas of Monroe County after he entered a plea of *nolo contendere* to three counts of indecent assault (M1)[1] and was determined by the court to be a Sexually Violent Predator (SVP) pursuant to the Sexual Offender Registration and Notification Act (SORNA), 42 Pa.C.S.A. §§ 9799.10-9799.41.  Upon careful review, we affirm.

Bramwell entered a *nolo contendere* plea to the above charges on February 6, 2014.  The charges related to sexual abuse perpetrated by Bramwell against two minor boys who were sons of his long-time friends.

---

[1] 18 Pa.C.S.A. § 3126(a)(6) & (7).

Bramwell abused one boy, K.K., when K.K. was eight years old; he abused the other, also named K.K., from the age of eight until the age of thirteen.

Following the entry of Bramwell's plea, the trial court ordered that he undergo an SVP assessment by the Sexual Offenders Assessment Board pursuant to 42 Pa.C.S. § 9799.24. Doctor Mary Muscari, a member of the Board, performed the assessment and, on August 18, 2014, the trial court held a hearing to determine whether Bramwell was an SVP. After hearing Dr. Muscari's testimony, the court concluded that Bramwell was an SVP. Bramwell was sentenced to an aggregate term of 30 to 96 months' imprisonment and was ordered to register as a Tier 3 offender. Bramwell filed a motion for reconsideration of his sentence, which the court denied by order filed on September 2, 2014. Bramwell filed a timely notice of appeal, followed by a court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court filed its Rule 1925(a) opinion on November 4, 2014.

On appeal, Bramwell claims that the trial court erred in concluding that he is an SVP. A challenge to a determination of SVP status requires us to view the evidence presented in the light most favorable to the Commonwealth. *Commonwealth v. Prendes*, 97 A.3d 337, 355 (Pa. Super. 2014). We may not weigh the evidence or substitute our judgment for that of the trial court. *Id.* The Commonwealth must establish SVP status by clear and convincing evidence, which standard requires evidence that is so clear, direct, weighty and convincing as to enable the trier of fact

to come to a clear conviction, without hesitancy, of the truth of the precise facts at issue. *Id.* The scope of our review is plenary. *Id.* at 357.

After conviction but before sentencing, the trial court is required to order an individual convicted of a sexually violent offense to be assessed by the Board. 42 Pa.C.S. § 9799.24. Such assessment shall include, but not be limited to, an examination of the following:

(1) Facts of the current offense, including:

(i) Whether the offense involved multiple victims.

(ii) Whether the individual exceeded the means necessary to achieve the offense.

(iii) The nature of the sexual contact with the victim.

(iv) Relationship of the individual to the victim.

(v) Age of the victim.

(vi) Whether the offense included a display of unusual cruelty by the individual during the commission of the crime.

(vii) The mental capacity of the victim.

(2) Prior offense history, including:

(i) The individual's prior criminal record.

(ii) Whether the individual completed any prior sentences.

(iii) Whether the individual participated in available programs for sexual offenders.

(3) Characteristics of the individual, including:

(i) Age.

(ii) Use of illegal drugs.

(iii) Any mental illness, mental disability or mental abnormality.

(iv) Behavioral characteristics that contribute to the individual's conduct.

(4) Factors that are supported in a sexual offender assessment field as criteria reasonably related to the risk of reoffense.

*Id.*

While the Board must examine all statutory factors, there is no requirement that all of these factors or any particular number of them be present or absent in order to support an SVP designation. ***Commonwealth v. Brooks***, 7 A.3d 852, 863 (Pa. Super. 2010). Rather, the question for the SVP court is whether the Commonwealth's evidence, including the Board's assessment, shows that the person convicted of a sexually violent offense has a mental abnormality or disorder making that person likely to engage in predatory sexually violent offenses. *Id.* Based on the evidence presented, the court decides whether a defendant is to be designated an SVP and thus made subject to SORNA's registration requirements. *Id.*

Here, Dr. Muscari performed an evaluation of Bramwell and testified to a reasonable degree of professional certainty that, based on his abuse of young boys aged 8 to 13 over a period of years, Bramwell met the criteria for pedophilic disorder. The abuse consisted of genital fondling and oral sex and occurred when the victims were around each other or other children, which is "consistent with increased risk." N.T. SVP Hearing, 8/18/14, at 13. Doctor Muscari testified as to the significance of "increased risk" as follows:

> We look at increased risk in two different ways. One is in an antisocial aspect of not caring about the law, when you're looking about [sic] somebody with a paraphilic[2] disorder and there's increased risk, that shows that there is more difficulty for them to control that behavior. When the likelihood of having other witnesses to tell, other children, with children somebody else could say something, that[] shows more of a difficulty in controlling one's self when one has paraphilia.

*Id.* Doctor Muscari testified that Bramwell "obtained the victims' silence by telling them not to say anything and that it was their little secret." *Id.* at 12. Additionally, Dr. Muscari testified that Bramwell's paraphilia can be controlled but not cured, and can wax and wane over time. She also noted that Bramwell "was a family acquaintance [of the victims' parents] and he maintained that relationship, at least in part, for the purpose of victimization, so therefore he does meet the predatory criteria." *Id.* at 15-16.

Based on our review of the evidence presented by the Commonwealth at Bramwell's SVP hearing, including Dr. Muscari's testimony, we conclude that the trial court did not err in finding, by clear and convincing evidence, that Bramwell satisfied the criteria to be classified as an SVP.

Judgment of sentence affirmed.

---

[2] "Paraphilia" is defined as a pattern of recurring sexually arousing mental imagery or behavior that involves unusual and especially socially unacceptable sexual practices, such as sadism or pedophilia. *See* Merriam-Webster, http://www.merriam-webster.com/dictionary/paraphilia.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/16/2015